1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ERIK MEMBRILA,

                                      Plaintiff,

        vs.

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,

                                      Defendant.

CASE NO. 09-CV-2790-IEG (RBB)

**ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION TO
DISMISS**

[Doc. No. 10]

        Presently before the Court is Defendant Receivables Performance Management, LLC ("Defendant") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff Erik Membrila ("Plaintiff") filed an opposition, and Defendant filed a reply. For the reasons stated herein, the Court grants in part and denies in part the motion to dismiss.

## BACKGROUND

        This matter involves Defendant's attempts to collect a debt allegedly owed by Plaintiff. The following facts relevant to this motion to dismiss are drawn from Plaintiff's First Amended Complaint.

        Sometime before November 14, 2009, Plaintiff allegedly incurred a debt and fell behind in payments.  The debt was assigned, placed, or otherwise transferred to Defendant.  On or about November 24, 2009, Defendant telephoned Plaintiff and demanded payment of the debt. According to Plaintiff, Defendant "surreptitiously recorded" the telephone conversation.

1    On December 8, 2009, Jason Edwards telephoned Plaintiff on behalf of Defendant to

2    demand payment.  Jason Edwards allegedly told Plaintiff the call was being recorded only after

3    discussing Plaintiff's debt and salary.  Defendant did not give notice that the call was being

4    recorded at the outset of the call, and Plaintiff never consented to the conversation being recorded.

5    On December 14, 2009, Plaintiff filed the original Complaint.  (Doc. No. 1.)  On December

6    30, 2009, the Court granted the parties' joint motion for extension of time for Defendant to answer.

7    (Doc. No. 5.)  On January 28, 2010, Plaintiff filed the First Amended Complaint ("FAC")

8    asserting three causes of action: (1) violation of the Fair Debt Collection Practices Act; (2)

9    violation of the California Rosenthal Fair Debt Collection Practices Act; and (3) illegal telephone

10   recording in violation of California Penal Code §§ 631, 632.

11   On February 16, 2010, Defendant filed the instant motion to dismiss the third cause of

12   action for illegal telephone recording.  (Doc. No. 10.)

13   **DISCUSSION**

14   **I.    Legal Standard**

15   A complaint must contain "a short and plain statement of the claim showing that the

16   pleader is entitled to relief."  Fed. R. Civ. P. 8(a) (2009).  A motion to dismiss pursuant to Rule

17   12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in

18   the complaint.  Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The

19   court must accept all factual allegations pled in the complaint as true, and must construe them and

20   draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty

21   Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).  To avoid a Rule 12(b)(6) dismissal, a

22   complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state

23   a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

24   (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the

25   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

26   Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

27   However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

28   requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." <u>Twombly</u>, 550 U.S. at 555 (citation omitted).  A court need not accept "legal conclusions" as true.  <u>Iqbal</u>, 129 S.Ct. at 1949.  In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged."  <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

## II.      Analysis of Motion to Dismiss

### A.      Violation of California Penal Code § 631

Plaintiff alleges illegal telephone recording in violation of two sections of the California Invasion of Privacy Act, California Penal Code §§ 630-637.2.  Section 631 prohibits "three ways of obtaining information being sent over a telephone or telegraph line: (1) tapping the line, (2) making an unauthorized connection with the line, and (3) reading, attempting to read, or learning the contents or meaning of a message while the message is in transit."[1]  <u>Rogers v. Ulrich</u>, 52 Cal. App. 3d 894, 899 (Ct. App. 1975).

Plaintiff's claim for violation of Section 631 fails, because this section applies only to eavesdropping by a third party and not to recording by a participant to a conversation.  <u>Id.</u>  The California Court of Appeals has explained that "eavesdrop" is defined as "to listen secretly to what is said in private," but "[i]t is never a secret to one party to a conversation that the other party is listening to the conversation; only a third party can listen secretly to a private conversation."  <u>Id.</u>  Here, Plaintiff alleges Defendant recorded Plaintiff's phone conversation with Defendant on two

---

[1] California Penal Code Section 631(a) provides in full: "Any person who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison, or by both a fine and imprisonment in the county jail or in the state prison. If the person has previously been convicted of a violation of this section or Section 632, 632.5, 632.6, 632.7, or 636, he or she is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison, or by both a fine and imprisonment in the county jail or in the state prison." Cal. Penal Code § 631(a).

occasions, and that Defendant monitored phone calls "for the purpose of assisting Defendant in its collection efforts against Plaintiff." (FAC ¶¶ 29, 39, 44.) Plaintiff does not allege eavesdropping by a third party.

Accordingly, Plaintiff fails to state a cause of action for violation of Section 631.

B.     Violation of California Penal Code § 632

California Penal Code § 632, on the other hand, does apply to recording by a participant to a conversation. Section 632 provides a civil remedy against any person who "intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication." Cal. Penal Code §§ 632(a), 637.2. "This language has uniformly been construed to prohibit one party to a confidential communication from recording that communication without knowledge or consent of the other party." Warden v. Kahn, 99 Cal. App. 3d 805, 813 (Ct. App. 1979).

Defendant argues that Plaintiff cannot maintain a cause of action for violation of Section 632 because Plaintiff admits he had knowledge that the recording was taking place. However, it is a violation of this section to "record[] the conversation without first informing all parties to the conversation that the conversation is being recorded." Kearney v. Salomon Smith Barney, Inc., 39 Cal. 4th 95, 118 (2006). "A business that adequately advises all parties to a telephone call, *at the outset of the conversation*, of its intent to record the call would not violate the provision." Id. (emphasis added). Here, Defendant allegedly did not inform Plaintiff at the outset of the call that the conversation was being recorded. Plaintiff alleges: "only after discussing Plaintiff's debt and Plaintiff's salary with the plaintiff, Jason Edwards, on behalf of Defendant, told Plaintiff that the call was being recorded. Plaintiff was not given notice that the call was being recorded at the outset of the call . . . ." (FAC ¶ 39.)

Accordingly, Plaintiff has stated a cause of action for violation of Section 632.

## CONCLUSION

To the extent Plaintiff's third cause of action for illegal telephone recording is based on violation of California Penal Code § 631, the Court GRANTS Defendant's motion to dismiss with

1   prejudice.   However, to the extent Plaintiff's third cause of action is based on violation of

2   California Penal Code § 632, the Court DENIES Defendant's motion to dismiss.

3          **IT IS SO ORDERED.**

4

5   **DATED:  April 6, 2010**

6                                                    _Irma E. Gonzalez_

7                                         **IRMA E. GONZALEZ, Chief Judge**
                                          **United States District Court**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28