1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 ERIK MEMBRILA,                                          CASE NO. 09-CV-2790-IEG (RBB)

12                                    Plaintiff,           **ORDER DENYING**
                                                           **DEFENDANT'S MOTION FOR**
13        vs.                                              **SUMMARY JUDGMENT**

14 RECEIVABLES PERFORMANCE                                 [Doc. No. 24]
   MANAGEMENT, LLC,

15                                    Defendant.

16

17        Presently before the Court is Defendant Receivables Performance Management, LLC's

18 motion for summary judgment.  Along with his opposition, Plaintiff Erik Membrila filed a

19 declaration in support of his request for a continuance under Federal Rule of Civil Procedure 56(f)

20 to allow him an opportunity to conduct discovery.

21        This motion is suitable for disposition without oral argument pursuant to Local Civil Rule

22 7.1(d)(1).  For the reasons stated herein, the Court DENIES Defendant's motion for summary

23 judgment.

24                                    **BACKGROUND**

25        This matter involves Defendant's attempts to collect a debt allegedly owed by Plaintiff.

26 On December 14, 2009, Plaintiff filed a Complaint, alleging: (1) violation of the Fair Debt

27 Collection Practices Act ("FDCPA"),15 U.S.C. § 1692 et seq; (2) violation of the California

28 Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.32; and

1  (3) illegal telephone recording in violation of California Penal Code §§ 631, 632 and 637.2.

2  Plaintiff later filed an amended complaint.

3  On February 16, 2010, Defendant filed a motion to dismiss Plaintiff's third cause of action

4  for illegal telephone recording.  The Court granted the motion to the extent the cause of action was

5  based on California Penal Code § 631, but found Plaintiff stated a cause of action under Section

6  632.

7  On June 3, 2010, Defendant filed a motion for summary judgment as to each of Plaintiff's

8  three causes of action.

9  **LEGAL STANDARD**

10  Summary judgment is proper where the pleadings and materials demonstrate "there is no

11  genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."

12  Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A dispute is genuine

13  "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

14  The moving party bears "the initial responsibility of informing the district court of the basis

15  for its motion." Celotex, 477 U.S. at 323. To satisfy this burden, the movant must demonstrate that

16  no genuine issue of material fact exists for trial. Id. at 322. Where the moving party does not have

17  the ultimate burden of persuasion at trial, it may carry its initial burden of production in one of two

18  ways: "The moving party may produce evidence negating an essential element of the nonmoving

19  party's case, or, after suitable discovery, the moving party may show that the nonmoving party

20  does not have enough evidence of an essential element of its claim or defense to carry its ultimate

21  burden of persuasion at trial." Nissan Fire & Marine Ins. Co., v. Fritz Cos., 210 F.3d 1099, 1106

22  (9th Cir. 2000).

23  If the moving party carries its initial burden, the nonmovant must then show that there are

24  genuine factual issues which can only be resolved by the trier of fact. Reese v. Jefferson Sch. Dist.

25  No. 14J, 208 F.3d 736, 738 (9th Cir. 2000). The nonmoving party may not rely on the pleadings

26  alone, but must present specific facts creating a genuine issue of material fact through affidavits,

27  depositions, or answers to interrogatories. Fed R. Civ. P. 56(e); Celotex, 477 U.S. at 324.  The

28  court must review the record as a whole and draw all reasonable inferences in favor of the

1  nonmoving party. <u>Hernandez v. Spacelabs Med. Inc.</u>, 343 F.3d 1107, 1112 (9th Cir. 2003).

2  However, unsupported conjecture or conclusory statements are insufficient to defeat summary

3  judgment. <u>Id.</u>; <u>Surrell v. Cal. Water Serv. Co.</u>, 518 F.3d 1097, 1103 (9th Cir. 2008).

4  **DISCUSSION**

5  **I.     Debt Validation Letter**

6       Plaintiff alleges Defendant violated the FDCPA, 15 U.S.C. § 1692f, and RFDPCA,

7  California Civil Code § 1788.17, by failing to provide a debt validation letter within five days of

8  Defendant's initial communication with Plaintiff regarding the debt.  (FAC ¶¶ 23-27.)  According

9  to Plaintiff, the initial communication took place on or about November 14, 2009.  (FAC. ¶¶ 23-

10  24.)

11       Defendant, however, argues the initial communication with Plaintiff regarding the debt was

12  a debt validation letter it sent on October 4, 2009.  Defendant submits the Declaration of Robert

13  Polus ("Polus"), the company's Director of Operations.  In his declaration, Polus states he

14  reviewed the "Accounts Notes" for Plaintiff's account, which indicate Defendant sent Plaintiff an

15  "rpm" letter on October 4, 2009.  (Polus Decl. ¶ 11; Ex. B.)  An "rpm" letter is a debt validation

16  letter.  (Polus Decl. ¶ 11.)  The "Accounts Notes" section further indicates Defendant's first

17  attempted phone call to Plaintiff was October 5, 2009.  (Polus Decl. ¶¶ 4-14; Ex. A.)  Therefore,

18  Defendant contends the evidence shows it sent the requisite debt validation letter within five days

19  of the initial communication.

20       Plaintiff responds by attaching his own declaration to the opposition.  In his declaration,

21  Plaintiff states he did not receive a debt validation letter on or about October 4, 2009, or at any

22  time.  (Declaration of Erik Membrila ("Membrila Decl.") ¶ 18.)  Rather, the first time he had ever

23  heard of or from the Defendant was on November 14, 2009, when he received a telephone call

24  about the alleged debt. (Membrila Decl. ¶¶ 10-12.)  Plaintiff also points to statements in Polus'

25  declaration that Defendant outsources the generation of all written correspondence to debtors to a

26  third party vendor, and no actual copies of the letters sent are retained by either Defendant or the

27  third-party vendor.  (Polus Decl. ¶ 12.)

28

1      In its reply, Defendant reveals that after Plaintiff filed the opposition, Defendant learned

2  the October 4, 2009 debt validation letter was not sent, because the address it had on file for

3  Plaintiff was invalid.  Defendant submits the declaration of Brian Hodge, Manager of Operations

4  and Systems for Remkim Corporation, the third-party vendor that sends letters on behalf of

5  Defendant.  Hodge confirms Defendant requested Remkin send a letter to Plaintiff on October 4,

6  2009, but explains Remkin never generated or mailed the letter because the address information

7  was invalid.  (Declaration of Brian Hodge ¶¶ 2-14.)  Defendant also attaches to its reply a

8  supplemental declaration from Polus, in which Polus states that Defendant followed its ordinary

9  business practices in inputing address information.   (Supplemental Declaration of Robert Polus ¶¶

10  3-11.)

11      Defendant argues summary judgment is appropriate because it need only establish it sent

12  the debt validation letter, not that Plaintiff actually received the letter.  While this point of law is

13  correct, see Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197, 1201 (9th Cir.1999),

14  Defendant's own evidence shows the letter was not sent.  Hodge's declaration states, "the letter

15  was not generated nor mailed to Mr. Membrila."  (Hodge Decl. ¶ 14.)

16      Therefore, Defendant is not entitled to summary judgment on this issue.  There is a genuine

17  issue of material fact as to whether Defendant sent the requisite debt validation letter within five

18  days of the initial communication.

19  **II.      Threats to Disclose Debt**

20      Plaintiff alleges he is a member of the United States Navy, and Defendant threatened to

21  contact his commanding officer regarding the alleged debt on two occasions, in violation of the

22  FDCPA, 15 U.S.C. § 1692e(5) & (10), and RFDCPA, Cal. Civ. Code § 1788.17.[1]

23      Defendant contends it never made these threats, again relying on Polus' declaration.  In his

24  declaration, Polus states that employees are trained on the company's policy that no debt collector

25

26      [1]Subsections1692e(5) and (10) of the FDCPA prohibit debt collectors from "threat[ening] to
take any action that cannot legally be taken or that is not intended to be taken" or from "us[ing] . . .any
27  false representation or deceptive means to collect or attempt to collect any debt or to obtain
information concerning a consumer." 15 U.S.C. § 1692e(5), (10) It is a violation of the statute for a
28  debt collector to tell a third party that the consumer owes a debt. Id. § 1692b(2). RFDCPA § 1788.17
requires debt collectors to comply with the provisions of the FDCPA.

1   may threaten a debtor with disclosure of the account information to a third party.  (Polus ¶¶ 20-

2   23.)  Defendant also submits the declaration of Jason Edwards, the employee who allegedly made

3   the threats.  Edwards states he never threatened Plaintiff and was trained not to make such threats.

4   (Declaration of Jason Edwards ¶¶ 19-23.)

5          In response, Plaintiff relies on his own declaration.  Plaintiff states that contrary to

6   Defendant's evidence, Jason Edwards "repeatedly threatened and/or suggested that he was going

7   to speak with my commanding officer and report to my commanding officer that I was not, and

8   would not, pay my debts."  (Declaration of Erik Membrila ¶¶ 10-12.)  Plaintiff further states:

9   "During the November 14, 2009 conversation, I asked if the defendant was threatening me, and in

10  response the defendant stated, 'it's not a threat but a promise,' and that my commanding officer

11  would 'put me in line to pay the bill.'"  (Membrila Decl. ¶¶ 16-17.)  Finally, Plaintiff states that in

12  the December 9, 2009 conversation, Defendant again threatened to contact his commanding officer

13  and told Plaintiff he had committed a crime by not paying the debt.  (Membrila Decl. ¶ 22.)

14         Defendant argues Plaintiff's "uncorroborated and self-serving" declaration is insufficient to

15  create a genuine issue of material fact, citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054,

16  1061 (9th Cir. 2002).  This argument is unavailing.  Plaintiff's declaration is based on personal

17  knowledge, concerns his own conversations with Defendant, and is not undermined by other

18  evidence so as to be incredible.  It is not the role of this Court to weigh the parties' conflicting

19  declarations.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 (1986).

20         Therefore, Defendant is not entitled to summary judgment on this issue.  A genuine issue

21  of material fact exists as to whether Defendant threatened to disclose the alleged debt to a third

22  party.

23                          **RULE 56(f) REQUEST FOR CONTINUANCE**

24         The remaining issues in this case are: (1) whether Defendant violated the FDCPA and the

25  RFDCPA by contacting Plaintiff after he informed Defendant he was represented by counsel, and

26  (2) whether Defendant violated the California Penal Code by recording its phone conversations

27  with Plaintiff. Defendant relies on Polus' declaration, arguing it is entitled to summary judgment

28  on these issues.

1    Plaintiff, however, requests a continuance of the summary judgment motion under Federal

2    Rule of Civil Procedure 56(f), because he has not yet had an opportunity for any discovery in this

3    case. Indeed, a scheduling order has not even been issued. In support of the request, Plaintiff's

4    counsel submits his declaration, in which he asserts discovery is needed to oppose the motion for

5    summary judgment; in particular, to determine whether Defendant secretly recorded phone

6    conversations and whether communications took place on certain dates. (Declaration of Joshua

7    Swigart ("Swigart Decl.") ¶¶ 6, 13-14.) Plaintiff intends to conduct written discovery and

8    depositions on these issues. (Swigart Decl. ¶¶ 9-10.)

9    The Court finds it appropriate to deny Defendant's motion for summary judgment as to the

10   remaining issues in this case. Plaintiff is entitled to discovery on these issues before responding.

11   Therefore, Defendant's motion is denied without prejudice to it being re-filed after the close of

12   fact discovery.

13                                   **CONCLUSION**

14   Accordingly, the Court DENIES Defendant's motion for summary judgment. There is a

15   genuine issue of material fact as to whether Defendant failed to provide a debt validation letter

16   within five days of Defendant's initial communication with Plaintiff, in violation of FDCPA, 15

17   U.S.C. § 1692f, and RFDPCA, Cal. Civ. Code § 1788.17. A genuine issue of material fact also

18   exists as to whether Defendant threatened to contact Plaintiff's commanding officer regarding the

19   alleged debt, in violation of FDCPA, 15 U.S.C. § 1692e(5) & (10), and RFDCPA, Cal. Civ. Code

20   § 1788.17.

21   As to the remaining issues in this case, the Court declines to grant summary judgment

22   because Plaintiff is entitled to discovery before responding. Defendant may re-file the motion

23   after the close of fact discovery.

24   **IT IS SO ORDERED.**

25

26   **DATED: August 4, 2010**

27   _____
     **IRMA E. GONZALEZ, Chief Judge**
28   **United States District Court**

- 6 -                                                                09cv2790